IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES JR. WEST, | § | |
|                 Plaintiff, | § | |
| V. | § | |
| | § | |
| SHANET LASHAY CLARK, | § | A-15-CV-0695-SS-ML |
|                 Defendant. | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

      The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

      Before the Court are Plaintiff's Complaint [Dkt. #1], Motion to Proceed in Forma Pauperis [Dkt. #2], and Motion to Appoint Counsel [Dkt. #3]. Because Plaintiff is requesting permission to proceed in forma pauperis, the merits of his claims are subject to initial review pursuant to 28 U.S.C. § 1915(e).

      **I.**    **REQUEST TO PROCEED IN FORMA PAUPERIS**

      The undersigned has reviewed Plaintiff's financial affidavit and determined he is indigent and should be granted leave to proceed in forma pauperis. It is therefore ORDERED that Plaintiff is GRANTED in forma pauperis status and that the complaint be filed without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action may be dismissed if the allegation of poverty

1

is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Plaintiff is further advised, although he has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending dismissal of Plaintiff's claims.  Therefore, ***service upon Defendants should be withheld*** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.     REVIEW OF THE MERITS OF THE CLAIMS

### A.     Factual Allegations

This case, brought by James Jr. West ("West") against Shanet Lashay Clark, appears to re-urge some of the same factual allegations first made by West's spouse, Ethel Lou West, in a prior case, *Ethel Lou West v. Attorney General Child Support*, No. 1:15-CV-217-SS. Specifcally, West repeats the earlier allegations that his former spouse or partner, Shanet Lashay Clark, "co-hursted and conspired with Attorney General" in seeking child support from West. Compl. [Dkt. #1] at 1. Only Clark is named as a defendant in the currently pending suit.  The Attorney General is not a named Defendant, although West alleges "they are messing with my banking accounts" and "having jobs Company's not to hire me & my wife Ethel West." *Id.* West further alleges Clark misrepresented she did not want child support from him, but then filed a suit for child support "behind [West's] back" while he was living out of state, causing him to be arrested on his return to Texas in 2012 and 2013.  *Id.*  West also alleges the child is not his, and that Clark refuses to allow a paternity test. *Id.*

### III.  ANALYSIS

#### A.  Standard of Review

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous if it lacks an arguable basis in fact or law. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in fact if it encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33; *see also Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

The court must also initially examine the basis for federal subject matter jurisdiction. A party seeking to invoke the jurisdiction of a federal court must prove jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995). Typically, federal jurisdiction is predicated on the existence of a question of federal law in the pleadings, 28 U.S.C. § 1331, or on the parties' diversity of citizenship, 28 U.S.C. § 1332. Where the state or a state agency is a defendant, the Eleventh Amendment bars private suits in federal court unless the state has waived, or Congress has abrogated, the state's sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984); *Aguilar v. Tex. Dep't of Criminal Justice*, 160

F.3d 1052, 1054 (5th Cir. 1998). When Eleventh Amendment immunity applies, it deprives the court of subject matter jurisdiction. *See, e.g., Ross v. Tex. Educ. Agency*, 409 Fed. App'x. 765, 768 (5th Cir. 2011) (per curiam).

### B.     Discussion

West's complaint must be dismissed because this Court lacks subject matter jurisdiction over his claims. Diversity jurisdiction is not plead, nor is it apparent on the face of the complaint. 28 U.S.C. § 1332. Though West may have formerly been a resident of Missouri, he brings suit now as a resident of Texas. *See* Application to Proceed in Forma Pauperis [Dkt. #2]. The Complaint does not specifically allege the Defendant, Clark's state of residence (which is West's burden if he seeks to invoke this Court's diversity jurisdiction), but the Complaint can fairly be read to suggest Clark is a Texas resident who made the alleged misrepresentations concerning West to Texas officials. *See generally* Compl. [Dkt. #1]. Thus, diversity of citizenship is lacking. 28 U.S.C. § 1332.

The complaint does not allege any basis for federal question jurisdiction. 28 U.S.C. § 1331. To the extent West asserts claims against Shanet Lashay Clark for alleged misrepresentations, these are state law claims that do not implicate federal statutes or federal constitutional law. To the extent West is attempting to sue the Attorney General's office or to imply that Clark is somehow acting in conjunction with the Attorney General's office as a quasi-state actor, Eleventh Amendment immunity applies to bar his damages suit. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 101 (1984). Therefore, the undersigned RECOMMENDS dismissal of the complaint for lack of subject matter jurisdiction.

Additionally and in the alternative, the complaint must be dismissed because West's unsupported allegations that Clark and the Attorney General's office have "co-hursed" against

him are facially implausible, and Plaintiff has not plead any supporting facts that would "nudge [these] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  In fact, Plaintiff's allegations that Shanet Clark and the Attorney General's Office have conspired to prevent businesses from hiring West and his wife, to delay the payment of benefits to West from other state agencies, and to tamper with West's banking accounts are not just conclusory and implausible, but "rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33.  Therefore, the undersigned alternatively RECOMMENDS that Plaintiff's claims be dismissed as frivolous.

The undersigned notes that Plaintiff James Jr. West has multiple claims pending before this Court, each of which the undersigned has recommended be dismissed for lack of jurisdiction, failure to state a cognizable claim for relief, and/or frivolousness.  The present claim, in particular, echoes claims filed earlier this year by West's wife, Ethel Lou West, and dismissed by the District Court pursuant to Section 1915(e).  Of course, West is not bound by the Court's judgment against Ethel West, as he was not a party to those prior lawsuits.  Nevertheless, given these circumstances, the undersigned specifically warns West that sanctions may become appropriate when a pro se litigant develops a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  The Court warns West that if he continues to file meritless, vague, and impossible claims, the Court may impose sanctions in the future.  Such sanctions may include a broad injunction, barring West from filing any future actions in the Western District of Texas without leave of court. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators).

## IV.  RECOMMENDATIONS

The Magistrate Court hereby GRANTS Plaintiff's Application to Proceed In Forma Pauperis [Dkt. #2].

The undersigned RECOMMENDS the District Court dismiss Plaintiff's Complaint [Dkt. #1] pursuant to 28 U.S.C. § 1915(e)(2)(B).

Finally, the undersigned RECOMMENDS that the District Court DENY all other pending motions and requests for relief, including but not limited to Plaintiff's request for appointment of counsel [Dkt. #3].

The Magistrate Court hereby WARNS Plaintiff that multiple frivolous filings may result in sanctions, including an injunction barring the filing of further complaints without leave of court.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106

S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED November 23, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE